FRANK P. LYON v. GEO. W. IRISH ET AL. .

*Municipal contracts—Trustees not personally liable.*

A contract made by village trustees, as such, for the building of abutments to a public bridge does not bind the trustees personally for payment, but is apparently binding on the village.

Error to Eaton.    (Hooker, J.)    Nov. 17.—Nov. 19.

ASSUMPSIT.    Plaintiff brings error.    Affirmed.

*Geo. H. Cagwin*, for appellant, claimed that the contract in the case was the individual obligation of the trustees: *White v. Skinner* 13 Johns. 307; *Tippets v. Walker* 4 Mass. 594; *Haverhill Insurance Co. v. Newhall* 1 Allen 130; *Fiske v. Eldridge* 12 Gray 474; *Tanner v. Christian* 4 El. & Bl. 591; *Parker v. Winlow* 7 El. & Bl. 942; *Sturdivant v. Hull* 59 Me. 172; *Tannatt v. Rocky Mountain National Bank* 1 Col. 278; *Powers v. Briggs* 79 Ill. 493.

*Huggett & Smith* and *Geo. E. Nichols* for appellee. Where the officers of a public or municipal corporation act officially under an innocent mistake of law, in which the other contracting party equally participates with equal opportunities of knowledge, neither party at the time looking to personal liability, the officers are not personally liable nor is the corporation liable.    Dill. Mun. Corp. (3d ed.) § 237 n.; *Houston v. Clay County* 18 Ind. 396; *Bourdman v. Hayne* 29 Ia. 339; *Duncan & Co. v. Niles* 32 Ill. 532; *Ogden v. Raymond* 22 Conn. 379; *M'Henry v. Duffield* 7 Blackf. 41; *Mann v. Richardson* 66 Ill. 481.

SHERWOOD, J.    The defendants were trustees of the village of Grand Ledge, and a committee on streets therein. On the 3d day of September, 1883, they made the following contract with the plaintiff :

"This agreement, made this 3rd day of Sept., A. D. 1883, by and between H. A. Lyon, of Wacausta, Clinton county, Michigan, and Geo. W. Irish and Milo Campbell, trustees of the village of Grand Ledge, county of Eaton, state aforesaid.

Witnesseth that the said H. A. Lyon, in consideration of the covenants hereinafter mentioned on the part of the parties of the second    to be performed, doth agree to and with the said Geo. W. Irish and Milo Campbell, trustees of the village of Grand Ledge, that he will, within thirty days from the date hereof, build and complete two wing-walls and one abutment at the south end of bridge across Grand river, in the village of Grand Ledge, Eaton county, Michigan, according to specifications hereto annexed, furnishing all material for the same.

And the said Geo. W. Irish and Milo Campbell, trustees of the village of Grand Ledge, county and state aforesaid, covenant and agree to pay to the said H. A. Lyon two hundred and ninety-five dollars, payments to be made as work progresses.

In witness whereof, we have hereunto set our hands and seals this 3rd day of September, A. D. 1883.

|  |  |
|---|---|
| H. A. Lyon. | [l. s.] |
| Geo. W. Irish, Trustee. | [l. s.] |
| Milo Campbell." | [l. s.] |

The plaintiff went on and performed the work mentioned in the contract, and now brings this suit to recover the balance due from the defendants. The cause was tried in the circuit court for the county of Eaton before his honor Judge Hooker, without a jury, who found the facts and rendered judgment thereon for the defendant, and the plaintiff appeals. He claims the findings do not support the judgment. The facts found are substantially as follows:

1st. On September 3, 1883, defendants were members of the common council of Grand Ledge, a municipal corporation by virtue of the laws of Michigan.

2nd. On that day they executed a writing with one H. A. Lyon, the brother of plaintiff, which writing was upon said trial marked Exhibit A [being the contract].

3rd. By the terms of said writing said Lyon was to build abutments for a bridge in Grand Ledge, and was to receive $295 in payment therefor. By the terms of the specifications, which were made a part of the contract, he was to receive payment as work progressed, subject to approval of the committee on streets of the village of Grand Ledge.

4th. Both parties understood that this was a contract between Lyon and the village, and both believed it a valid contract, binding upon said village.

5th. H. A. Lyon performed the labor contemplated by said contract.

6th. H. A. Lyon received payment in part, to wit, the sum of $60, from the village.

7th. H. A. Lyon subsequently assigned said claim to his brother, the plaintiff.

8th. Payment has been refused by the village authorities and defendants before action brought.

Upon these findings the circuit judge found the law applicable thereto as follows:

1st. The village of Grand Ledge had no power to make or authorize such a contract, and is not bound.

2nd. The persons named as defendants, being officers of said village, acting bona fide and without concealment or fraud, are not personally bound upon said contract.

3rd. The defendants should have judgment of no cause of action, with costs.

It was unnecessary to pass upon the legal liability of the village; but under the testimony which would be necessary to support the finding of facts above stated, it is difficult to see why the village should not be both legally and equitably liable.

We think the other conclusions of law reached by the court are irresistible upon the facts found.

The judgment must be affirmed with costs.

CAMPBELL and CHAMPLIN, JJ. concurred; MORSE, C. J. did not sit.